IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHARLES EDWARD WALLS                                                      PLAINTIFF

VS.                                                          CIVIL ACTION NO. 3:12cv84-DPJ-FKB

HINDS COUNTY, ET AL.                                                 DEFENDANTS

## REPORT AND RECOMMENDATION

Charles Edward Walls is a state inmate who was previously housed as a pretrial detainee at the Hinds County Detention Center in Raymond, Mississippi (HCDC). He brought this action challenging the conditions at HCDC. Presently before the Court are Defendants' motion for summary judgment and Plaintiff's motion for partial summary judgment. Having considered the motions, the undersigned recommends that Defendants' motion be granted and that Plaintiff's motion be denied.

Plaintiff's claims, as set forth in his complaint and in his testimony at the *Spears*[1] hearing, are as follows. For eleven nights while he was at the detention center, the lights on his zone were left on either all night or late into the night, causing him to suffer from sleep deprivation. On nine occasions, there was no deputy on his zone for one or more shifts, causing him to fear for his safety. Plaintiff has observed mold in the shower and around the hot water tank, and there is no light in the shower. For five days the air conditioning was not working, causing condensation to collect in his cell. He was denied his recreational time on one day and was served undercooked food on one occasion. Finally, Walls complains that food trays are not cleaned properly and that meal trays are

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

distributed to inmates by sliding the trays on the floor and under the cell doors.

Pretrial detainees have a due process right not to be subjected to jail conditions that constitute punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). "Punishment" is "usually the manifestation of an explicit policy or restriction." *Shepherd v. Dallas Cnty.,* 591 F.3d 445, 453 (5th Cir. 2009). However, it can also be manifested by a *de facto* policy if a pattern of conduct or condition is sufficiently extended or pervasive such that intent to punish may be presumed. *Id.* at 452. Proving the existence of a *de facto* policy "is a heavy burden." *Id.* Furthermore, the punishment is impermissible only if it bears no reasonable relationship to a legitimate governmental interest and if it causes a violation of a detainee's constitutional rights. *Duvall v. Dallas Cnty.,* 631 F.3d 203, 207 (5th Cir. 2011). A constitutional violation occurs when the complained of condition results in "serious deficiencies" in providing for the detainee's "basic human needs." *Shepherd*, 591 F.3d at 454.

Plaintiff's sworn complaint and testimony describe conditions which were undoubtedly unpleasant. Those conditions do not, however, rise to the level of depriving Plaintiff of his basic human needs. Furthermore, Plaintiff's evidence is not sufficient to show that the conditions were so extended or pervasive that an intent to punish may be inferred from them.

Plaintiff has failed to come forward with evidence sufficient to create a genuine issue of material fact on the elements of his claim. Accordingly the undersigned recommends that Defendants' motion for summary judgment be granted, that Plaintiff's motion be denied, and that judgment be entered for Defendants.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 8th day of July, 2013.

/s/ F. Keith Ball

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
UNITED STATES MAGISTRATE JUDGE